# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PROGRESSIVE SPECIALTY INSURANCE COMPANY

**DEFENDANTS**
LEONARDO LOPEZ, et al.

**(b)** County of Residence of First Listed Plaintiff  Cuyahoga, OH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dauphin, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Randy T. Burch, Esquire - Forry Ullman, One Bethlehem Plaza, Suite 400, Bethlehem, PA 18018, 610-332-3400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 and 28 U.S.C. 1391(b)
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE John E. Jones, III
DOCKET NUMBER 19-cv-00743-JEJ

DATE 05/10/2019
SIGNATURE OF ATTORNEY OF RECORD  *Randy T. Burch*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
  United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
  United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
  Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
  Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
  Original Proceedings. (1) Cases which originate in the United States district courts.
  Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
  Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
  Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
  Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
  Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
  Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
  Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
  Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br>     Plaintiff,<br><br>vs.<br><br>LEONARDO LOPEZ, RITA RAMIREZ, MARCO ESTRADA, TWO BROTHERS PIZZERIA ITALIAN MARKET, GIURO, INC., d/b/a TWO BROTHERS PIZZERIA AND TWO BROTHERS PIZZERIA ITALIAN MARKET, JOSEPH ROMANO, and MMG INSURANCE COMPANY<br>     Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>ASSIGNED TO JUDGE:<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ACTION FOR DECLARATORY JUDGMENT

AND NOW, comes the Plaintiff Progressive Specialty Insurance Company, by and through its attorneys, Forry Ullman, and files the following Action for Declaratory Judgment and in support thereof alleges the following:

### PARTIES

1. Plaintiff Progressive Specialty Insurance Company is a licensed insurance carrier in the Commonwealth of Pennsylvania that is a citizen of Ohio organized and existing under the laws of Ohio, with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

2. Defendant Leonardo Lopez is a citizen of the Commonwealth of Pennsylvania residing at 6234 Jerome Drive, Harrisburg, Pennsylvania, 17112.

3. Defendant Rita Ramirez is a citizen of the Commonwealth of Pennsylvania residing at 531 Eshelman Street, Highspire, Pennsylvania, 17034.

4. Defendant Marco Estrada is a citizen of the Commonwealth of Pennsylvania residing at 531 Eshelman Street, Highspire, Pennsylvania, 17034.

5. Defendant Two Brothers Pizzeria Italian Market and Giuro, Inc., d/b/a Two Brothers Pizzeria and Two Brothers Pizzeria Italian Market (hereinafter referred to as "Defendant Two Brothers Pizzeria") is a citizen of the Commonwealth of Pennsylvania, existing and organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 4640 High Pointe Boulevard, Suite 64, Harrisburg, Pennsylvania 17111.

6. Defendant Joseph Romano is a citizen of Alaska residing at 2905 Captain Cook Estates Circle, Anchorage, Alaska 99517.

7. Defendant MMG Insurance Company is a licensed property casualty insurance company in the Commonwealth of Pennsylvania that is a citizen of Maine with its principal place of business located at 44 Maysville Street, Presque Isle, Maine 04769-0729, and Defendant MMG is named as an interested party herein because at all times material hereto it issued a commercial automobile policy and a commercial liability policy to Defendant Giuro, Inc., d/b/a Two Brothers Pizzeria and Two Brothers Pizzeria Italian Market, and Defendant MMG Insurance has already filed its own Action for Declaratory Judgement maintaining there is no coverage afforded under its policies for the incident of February 2, 2018. (See paragraphs 17 and 18 herein below).

## JURISDICTION

8. This Court has jurisdiction of this Action for Declaratory Judgment under 28 U.S.C. Section 1332, as this matter is between citizens of different states and the matter in controversy exceeds the sum value of $75,000, exclusive of interests and costs.

## VENUE

9. Venue is appropriate in the Federal District Court of the Middle District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b).

## ACTION FOR DECLARATORY JUDGMENT

10. At all times relevant hereto, Defendant Leonardo Lopez was a driver of a certain 1997 Ford Contour that was insured under an automobile insurance policy issued by Plaintiff Progressive Specialty Insurance Company under Policy Number 10753596 issued to policyholder Defendant Marco Estrada. (A true and correct copy of the automobile insurance policy, including the Declarations Page, is collectively attached hereto as Exhibit 1).

11. Under the aforesaid policy, the liability limits under the policy are $250,000 each person/$500,000 each accident.

12. At all times material hereto, Defendant Rita Ramirez was the owner of the aforesaid 1997 Ford Contour and she is married to Defendant Marco Estrada who is a manager and/or employee of Defendant Two Brothers Pizzeria.

13. At all times material hereto, Defendant Leonardo Lopez was an employee of Defendant Two Brothers Pizzeria and/or was otherwise working for Defendant Two Brothers Pizzeria where he was being paid in cash and also permitted to keep tips from customers as compensation for his work.

14. On or about February 2, 2018, Defendant Leonardo Lopez was working at Defendant Two Brothers Pizzeria when Defendant Marco Estrada asked and/or instructed Defendant Lopez to deliver food from Defendant Two Brothers Pizzeria to Red Rood Inn

and to Defendant Rita Ramirez's home.

15. At all times material hereto, Defendant Marco Estrada and/or Defendant Rita Ramirez gave permission to Defendant Leonardo to use the aforesaid 1997 Ford Contour to deliver the food.

16. At all times material hereto, Defendant Leonardo Lopez used the 1997 Ford Contour to deliver food from Defendant Two Brothers Pizzeria to the Red Roof Inn located at or near 950 Eisenhower Blvd, Harrisburg, PA 17111 and was intending on then driving the 1997 Ford Contour to Defendant Rita Ramirez's home to deliver food from Two Brothers Pizzeria when he left the Red Rood Inn and was traveling in southbound lane of Eisenhower Boulevard at or near Gilligan's Bar and Grill at 987 Eisenhower Blvd, Harrisburg, PA 17111.

17. Then, on February 2, 2018 at around 9:07PM, while Defendant was driving on Eisenhower Boulevard by or near Gilligan's Bar and Grill on his way to deliver food from Defendant Two Brothers Pizzeria to Defendant Rita Ramirez's home, the Defendant Joseph Romano walked out into traffic on Eisenhower Boulevard into the path of the 1997 Ford Contour operated by Defendant Lopez and/or Defendant Joseph Romano was struck by the vehicle operated by Defendant Lopez.

18. At all times material hereto, Defendant Joseph Romano has commenced an action against Leonardo Lopez, Rita Ramirez, and Two Brothers Pizzeria Italian Market and Giuro, Inc., d/b/a Two Brothers Pizzeria and Two Brothers Pizzeria Italian Market in the Court of Common Pleas of Dauphin County, Pennsylvania seeking money damages for alleged personal injuries arising out of the February 2, 2018 accident. (A copy of the underlying complaint is attached hereto as Exhibit 2).

19. In the underlying complaint, it is alleged that Defendant Leonardo Lopez was in the course and scope of this employment as a cashier/pizza delivery driver for Defendant Two Brothers Pizzeria when the accident with Defendant Romano occurred.

20. At all times material hereto, Defendant Leonardo Lopez was using the aforesaid 1997 Ford Contour to carry property for compensation or a fee.

21. At all times material hereto, Defendant Leonardo Lopez was using the aforesaid 1997 Ford Contour for the delivery of food from Defendant Two Brothers Pizzeria.

22. At all times relevant hereto, the pertinent part of the aforesaid automobile policy issued to Defendant Marco Estrada covering the 1997 Ford Contour by Plaintiff Progressive Specialty Insurance Company plainly and unambiguously states on page 4 as follows:

> **EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDEDUNDER THIS PART I.**
>
> Coverage under this Part I, including our duty to defend, will not apply to any **insured person** for:
> 1.     **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle or trailer while being used:
>    a.     to carry persons or property for compensation or a fee;
>    b.     for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food; or
>    c.     for **ride sharing activity**.
> This exclusion does not apply to shared-expense car pools.

23. In view of the plain and unambiguous language of Plaintiff's aforesaid automobile policy exclusion, there is no liability coverage for Defendant Leonardo Lopez and Defendant Rita Ramirez because Defendant Leonardo Lopez was using the 1997 Ford Contour to carry property "for compensation" and/or for the delivery of food.

24. Based upon the foregoing, Plaintiff Progressive Specialty Insurance Company has no duty to defend or indemnify Defendant Leonardo Lopez, Defendant Marco Estrada, and/or Defendant Rita Ramirez

25. Plaintiff Progressive Specialty Insurance Company has notified its named insured, Defendant Marco Estrada, under the aforesaid policy, that there is a coverage issue arising out of the fact that Defendant Leonardo Lopez was using the 1997 Ford Contour for the delivery of food.

26. Plaintiff Progressive Specialty Insurance Company believes, and, therefore, avers that all persons and entities that have any interest in the controversy presented by this declaratory judgment action, or that may be affected by the determination of This Honorable Court, have been named as parties to the action.

27. The aforesaid allegations create an actual case and controversy over which this Court has jurisdiction.

28. A Declaratory Judgment or Decree by This Honorable Court would terminate the uncertainty and/or controversy giving rise to this action.

29. A determination of this action for declaratory relief by This Honorable Court would settle the controversy between the parties and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties involved herein.

30. Plaintiff Progressive Specialty Insurance Company seeks a declaration that it owes no duty to defend or indemnify Defendant Leonardo Lopez, Defendant Rita Ramirez, and/or Defendant Marco Estrada for the claims and/or causes of action of Defendant Joseph Romano and/or any cross claims that may arise from the underlying

lawsuit.

WHEREFORE, Plaintiff Progressive Specialty Insurance Company respectfully requests that This Honorable Court enter Judgment, granting the following relief:

    A.    A Decree determining the controversy as alleged herein;

    B.    A Decree declaring that Plaintiff Progressive Specialty Insurance Company has no duty to defend or indemnify Defendant Leonardo Lopez, Defendant Rita Ramirez, and/or Defendant Marco Estrada for any claims or causes of actions of Defendant Joseph Romano and/or any cross claims that may arise from the underlying lawsuit.; and

    C.    A stay of the proceedings in the actions, if any, filed by Defendant Joseph Romano until disposition of the issues raised herein; and

    D.    Such other relief as the Court may deem appropriate

Respectfully Submitted:

FORRY, ULLMAN

By: _____
Randy T. Burch, Esquire
Attorney for Plaintiff, Progressive Specialty Insurance Company

Date: May 10, 2019